UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT HENRY JORDAN,

    Plaintiff,

    v.         Case No. 21-C-494

STEVEN G. GIUSTI, et al.,

    Defendants.

## SCREENING ORDER

Plaintiff Robert Henry Jordan, who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights. This matter comes before the Court on Jordan's motion for leave to proceed without prepayment of the full filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $111.02. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Jordan is an inmate at Columbia Correctional Institution (CCI) and works as a "culinary worker." Dkt. No. 1 at 2. Defendant Steven G. Giusti is a correctional officer at CCI who serves as "food service leader." *Id*. Both Jordan and Giusti are Wisconsin citizens. *See id*. Jordan also names CCI as a defendant in this case. *Id*.

At around 9:00 a.m. on December 21, 2020, Jordan helped transfer produce from a food delivery truck to "pallets" at the institution. *Id*. Jordan overheard one of the civilian workers on the food delivery truck say that someone forgot to place a rubber stopper under the truck tire. *Id*. As a result, the truck rolled back, cracked the pallet, and the pallet got stuck on the forklift on the truck. *Id*. at 2-3.

Jordan, Giusti, and another inmate attempted to move the forklift with the pallet still attached to it. *Id*. As Jordan lifted the machine, his foot slipped, and the forklift fell and "smashed" into his foot. *Id*. at 3. Jordan was eventually able to get his foot released, and he discovered that he could not walk or stand up straight; there was blood on his socks. *Id*. Jordan asked to go to the health services unit and staff told him to take a seat. *Id*. Someone then made a joke saying, "there are some workers compensation forms in the office." *Id*.

A "staff escort" arrived shortly thereafter and took Jordan to HSU in a wheelchair. *Id*. Jordan received an x-ray, which showed that he had a fracture. *Id*. Jordan believes that this incident happened because the individual operating the food delivery truck did not have a license to operate an electric forklift. *Id*. Jordan states, "because of staff negligence my foot was ran over by the forklift controlled by staff." *Id*. For relief, Jordan seeks monetary damages. *Id*. at 4.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this

deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

The Court will dismiss this case for failure to state a claim upon which relief can be granted. First, the Columbia Correctional Institution is not a "person" within the meaning of § 1983; therefore, it is not a proper defendant in this lawsuit. *See, e.g.*, *Sellers v. Columbia Corr. Inst.'s Health Serv. Unit*, No. 20-CV-578-JDP, 2020 WL 6709943, at *1 (W.D. Wis. Nov. 16, 2020) ("[E]ntities like prisons or departments within in the prison are not proper defendants for this type of lawsuit."). Second, negligence is not a basis for liability under § 1983. *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020). Federal courts have jurisdiction over lawsuits that allege a violation of federal law or the Constitution, or over lawsuits between citizens of different states in cases involving certain amounts of money. If Jordan (a Wisconsin plaintiff) wants to sue Giusti (a Wisconsin defendant) for negligence, Jordan must file that lawsuit in state court. This federal court can consider Jordan's lawsuit only if he has alleged a violation of federal law or the Constitution, which he has not done.

Jordan states that the individual driving the food delivery truck did not have a license to operate an electric forklift, but that too is a violation of a prison policy and/or other state law and does not give rise to a federal constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."). And the joke from staff that "there are some workers compensation forms in the office" may have been unprofessional and unnecessary but that too does not violate the constitution. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Jordan's complaint fails to state a claim upon which relief can be granted.

Although the Court generally gives a civil plaintiff at least one opportunity to amend his complaint, the Court need not do so where the amendment would be futile. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). Jordan's complaint is thorough in its allegations of fact surrounding this claim, and what happened to him was clearly an accident (i.e. negligence, at best). In other words, Giusti's conduct and state of mind do not arise to the level of a constitutional violation. *Hildreth*, 960 F.3d at 426 ("To be sure, negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough—the prison officials' state of mind must rise to the level of deliberate indifference."); *see also Boyd*, 835 F. App'x at 888. The Court therefore finds that further amendment of the complaint would be futile. It will dismiss this case.

### Conclusion

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the **$238.98** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each

time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Green Bay, Wisconsin this 3rd day of June, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.